JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@jhindslaw.com
RACHEL M. SPOSATO (SBN 306045)
rsposato@jhindslaw.com
HINDS & SHANKMAN, LLP
21257 Hawthorne Blvd., Second Floor
Torrance, California 90503
Telephone: (310) 316-0500
Facsimile: (310) 792-5977

Attorneys for the Debtor and Defendant, Tsai-Luan Ho
aka Tsai Ho aka Shelby Ho

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>TSAI LUAN HO aka SHELBY HO,<br><br>       Debtor.<br><br>---<br><br>FAITH HOPE INERNATIONAL LTS; GOOD SPECIAL INTERNATIONAL LTD; HCL 2011 LLC; LEE WALGREENS 2013 LLC; PA ONE, LLC; AND SMART GEAR DEVELOPMENT LTD.,<br><br>       Plaintiffs,<br><br>v.<br><br>TSAI LUAN HO aka SHELBY HO,<br><br>       Defendant. | Case No.: 18-bk-30581-DM<br>(Chapter 7)<br>Adv. Proc.: 18-ap-03050-DM<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>**HEARING:**<br>Date: October 26, 2018<br>Time: 10:00 a.m.<br>Place: Courtroom 17<br>       450 Golden Gate Avenue<br>       San Francisco, California 94102 |

# TABLE OF CONTENTS

**PAGE NO.**

A. The Claims of HCL 2011 LLC, Smart Gear Development Ltd., Lee Walgreens 2013 LLC, and Faith Hope International Ltd. All Fail Under The Three-Year Statute of Limitations. ……………………………………..1

B. The Plaintiffs Cannot Bootstrap The Admittedly Vague And Convoluted Allegations Of The Complaint By Referencing Papers Filed In Other Matters, Filed In Other Courts, In Which No Final Determinations Have Been Made As To Ho…………………………………………………………..3

C. The Complaint Fails To Establish A Statutory Fiduciary Relationship Between Ho And Each Of The Plaintiffs Other Than Arguably Plaintiff Huang. …………………………………………………………………..4

D. The Apparently Complex Relationships Between Huang and the Plaintiffs Remains a Mystery And The Opposition Sheds Little New Light Of The Issue. ………………………………………………………………….7

E. Conclusion……………………………………………………………….…8

# TABLE OF AUTHORITIES

**PAGE NO.**

**Cases**

Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,
 637 F.3d 1047 (9th Cir. 2011) ................................................................................... 5

Dunn v. Castro,
 621 F.3d 1196 (9th Cir. 2010) ................................................................................... 3

Hobart v. Hobart Estate Co.,
 26 Cal.2d 412 (1945) ............................................................................................ 5, 6

Lovell v. Stanifer (In re Stanifer),
 236 B.R. 709 (9th Cir. BAP 1999) ............................................................................ 7

Phillippe v. Shapell,
 43 Cal.3d 1247 (1987) ............................................................................................. 5

Rader Co. v. Stone,
 178 Cal.App.3d 10 (1986) ........................................................................................ 5

Sanford v. Member Works, Inc.,
 625 F.3d 550 (9th Cir. 2010) ..................................................................................... 5

Selk v. Foulks,
 25 Cal.App.3d 556 (1972) ........................................................................................ 5

Sun 'N Sand, Inc. v. United California Bank,
 21 Cal.3d 671 (1978). ........................................................................................... 1, 2

United States Liability Ins. Co. v. Haidinger-Hayes, Inc.,
 1 Cal.3d 586 (1970)…………………………………………………………..….5

Ziswasser v. Cole & Cowan, Inc.,
 164 Cal.App.3d 417 (1985) ...................................................................................... 7

**Statutes**

11 U.S.C. § 523(a)(2) ....................................................................................................... 5, 8
11 U.S.C. § 523(a)(4) ............................................................................................. 1, 4, 6, 7, 8
11 U.S.C. § 523(a)(6) ....................................................................................................... 5, 8
Cal Civil Code §1624 ............................................................................................................ 5
FRBP Rule 7009 ...................................................................................................... 1, 5, 6, 8

Defendant Shelby Ho (hereinafter referred to as either the "Defendant" or "Ho") responds to the Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint filed by Faith Hope International Ltd., Good Special International Ltd., HCL 2011 LLC, Lee Walgreens 2013 LLC, PA One, LLC, and Smart Gear Development Ltd. (hereinafter collectively referred to as the "Plaintiffs"), and contends that while the Plaintiffs' Opposition [Docket Item No. 15] is filled with irrelevant facts and seeks to bootstrap new facts from papers filed in other courts, the Complaint, in its current form, still shows that most, if not all of the claims asserted as part of the Complaint are **(1)** barred by the applicable three-year statute of limitations, **(2)** the Plaintiffs have failed to allege all of the necessary elements for nondischargeability of a debt pursuant to § 523(a)(4) since there is no established fiduciary relationship between the Plaintiffs and Ho as required under controlling Ninth Circuit and California law as to the series of financial transactions at issue in the Complaint, **(3)** the Complaint is still uncertain and unclear under Rule 7009.

> A. <u>The Claims of HCL 2011 LLC, Smart Gear Development Ltd., Lee Walgreens 2013 LLC, and Faith Hope International Ltd. All Fail Under The Three-Year Statute of Limitations</u>.

The parties agree that the three-year statute of limitations for fraud does not begin until a party knew or should have known of the facts that gave rise to a fraudulent transfer. *See Sun 'N Sand, Inc. v. United California Bank*, 21 Cal.3d 671 (1978). Thus, the question is when did HCL 2011 LLC, Smart Gear Development Ltd., Lee Walgreens 2013 LLC, and Faith Hope International Ltd. know, or when should he have known of their alleged fraudulent claims against Ho. The answer lies on the face of the Complaint. According to the Complaint, the subject transactions at issue took place as follows:

| INVESTOR NAME | INVESTEMENT DATE | APPARENT BREACH DATE |
|---|---|---|
| HCL 2011 LLC | June 2012 (¶ 30(i)) | June 2013 (¶ 30(i)) |
| HCL 2011 LLC | August 2012 (¶ 30(ii)) | August 2013 (¶ 30(ii)) |

1

| | | |
|---|---|---|
| Smart Gear Development Ltd. | October 2012 (¶ 30(v)) | Unknown |
| Lee Walgreens 2013 LLC | March 2013 (¶ 30(vi)) | June 2013 (¶ 30(vi)) |
| Faith Hope International Ltd | June 2013 (¶ 30(vii)) | September 2013 (¶ 30(vii)) |

As part of their Opposition the Plaintiffs point to what they call Ho's "fraudulent activity" to extend the discovery dates beyond the apparent "breach dates" in 2013 as stated on the face of the Complaint. (Opposition at p. 2:21-28.)[1] Under controlling case law if a plaintiff seeks to toll the three-year statute of limitations for fraud until the plaintiff's actual discovery of the fraud, the plaintiff must affirmatively excuse his failure to discover the fraud within the three years after it took place, by establishing facts showing that he was not negligent in failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry. *Sun 'N Sand, Inc. v. United California Bank*, *supra,* 21 Cal.3d at 701-702. The transactions between Plaintiffs HCL 2011 LLC, Smart Gear Development Ltd., Lee Walgreens 2013 LLC, and Faith Hope International Ltd, where the breach date is in 2013, their claims are barred by the applicable statute of limitations because while knowing full well of Liberty's breach the Plaintiffs delayed filing suit against Ho based on her alleged fraudulent conduct.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Perhaps the most shocking argument made by the Plaintiffs as part of the Opposition is that: "Since Ho has acted as Plaintiffs' real estate agent before 2016, especially in the signing and extension of the seven agreements as well as her attempt to obtain refunds on behalf of Plaintiffs, Plaintiffs would not have any reason to know of Ho's fraud through the exercise of reasonable diligence until HCL received Crystal Waterfalls' complaint to void HCL's lien in December 2016 and Kirk made the admissions in the creditors meeting in the LAMC Case on April 25, 2016. Thus, the 3-year statute of limitations commences on April 25, 2016 and ends on April 24, 2019." (Opposition at p. 14:20-21.) Nowhere in the Complaint is that there any factual substantiation for these assertions. For this reason alone the Motion should be granted.

2

B. <u>The Plaintiffs Cannot Bootstrap The Admittedly Vague And Convoluted Allegations Of The Complaint By Referencing Papers Filed In Other Matters, Filed In Other Courts, In Which No Final Determinations Have Been Made As To Ho</u>.

Beginning at page 12 and continuing through page 14 of the Opposition, the Plaintiffs make reference to papers filed in various other matters to supplement their contention that the Complaint can survive Ho's Rule 7012 Motion. The legal basis for this is asserted to be *Dunn v. Castro*, 621 F.3d 1196, 1205 n. 6 (9th Cir. 2010) which the Plaintiffs contend allows this Court to "consider the complaint, as well as documents incorporated into the complaint by reference, and matters of which the court may take judicial notice." (Opposition at p. 13:4-6.) However, under careful review, we find that the allegations relied upon by the Plaintiffs appear nowhere in the subject Complaint at issue in this matter and the allegations are nothing more than just that – unfounded allegations. If the Plaintiffs were to make these allegations against Ho they should be forced to redraft their Complaint and include them.

For example, the Plaintiffs now aver that "[a]ll seven agreements were subsequently extended based on Ho's representations that LAMC needed more time to purchase the Target Properties." (Opposition at p. 13:17-18.) The Opposition states that "[i]n 2014, Plaintiffs canceled the above seven agreements and requested refunds from LAMC." (Opposition at p. 13:1-20.) And, "Ho represented to Plaintiffs that she would obtain the refund for them from LAMC. (Opposition at p. 13:21.) However, none of these alleged facts was asserted as part of the Plaintiffs' Complaint before this Court.[2]

In an effort to take advantage of delayed discovery of the facts sufficient to know of their alleged claims against Ho, the Plaintiffs aver without any reference to their Complaint that "Ho has acted as Plaintiffs' real estate agent before 2016. . . ." (Opposition at p. 14:16.) There is no reference in any paragraph in the Complaint to support this assertion! At best,

---

[2] Alleged "proof of these new assertions the Plaintiffs say can be found in their Request For Judicial Notice Exhibit "2" which they state is a true copy of HCL's answer and first amended counterclaim filed in the Crystal Waterfalls Adversary Proceeding filed in the United States Bankruptcy Court in Los Angeles. This Court should not have to play hide and seek to ferret out the charging allegations which should be part of the Plaintiffs' Complaint.

3

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiffs assert that Ho did real estate work for Huang in 2008. Hence the Complaint is vague and uncertain and must be redrafted.

For the first time the Opposition identifies that Plaintiffs discovery date of Ho's alleged fraud as <u>April 2016, when Kirk testified about Plaintiffs' investment funds</u>. (Opposition at p. 14:25-26.) That date appears tied to two events affecting Liberty (and not Ho): **(a)** Liberty filed its chapter 11 case in Los Angeles on March 21, 2016; and **(b)** Benny Kirk, the owner and President of Liberty, appeared at Liberty's § 341(a) meeting on April 25, 2016. (Opposition at p. 12:5-11.) The only way that these events can have any impact in this case is if it is asserted that Ho was a co-conspirator of Liberty and its owners (Ho was never an owner of Liberty). Plaintiffs cannot reference matters outside of the four corners of their Complaint to support their Claims.

### C. <u>The Complaint Fails To Establish A Statutory Fiduciary Relationship Between Ho And Each Of The Plaintiffs Other Than Arguably Plaintiff Huang</u>.

A review of the Plaintiffs' Complaint herein shows a lack of well-plead factual allegations to support the claim of nondischargeability pursuant to 11 U.S.C. § 523(a)(4). Paragraph 26 of the Complaint states as follows: "Huang had a history of working with the Debtor in various real estate investments, beginning in approximately <u>2008</u>. As a result of this history, Huang reposed confidence in the integrity and faithfulness of the Debtor to provide information to her for the purpose of making real estate investments." (Emphasis added.) Paragraph 27 of the Complaint states as follows: "In or about <u>the spring of 2012</u>, the Debtor advised Huang of opportunities to invest in distressed commercial real estates in California. In these communications, the Debtor entered into <u>an oral agreement</u> with Huang and The Lee Investors under which the Debtor agreed to act as a real estate broker and

///
///
///

4

Agent for the purposes of searching for prospective real estate investments and would make recommendations for such investments." (Emphasis added.)[3]

Paragraph 29 of the Complaint contains a miss-mash of allegations about how the so-called LAMC Group[4] which the Plaintiffs contend entered into a scheme by which Ho would make recommendations to Huang (the only person from the inception that Ho had any contact with) regarding the availability and profitability of certain real estate investments offered by LAMC, but in actuality, Kirk, Gao and/or Ho had no intention of purchasing such real estate for Huang. What paragraph 29 <u>does not state</u> is the "the who, what, when, where, and how of the misconduct charged," as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false" as required by controlling case law under § 523(a)(2). See *Sanford v. Member Works, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010); *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). In fact, the lengthy Opposition filed by the Plaintiffs does not even mention Rule 7009 or the controlling case law established pleading standard which the Complaint clearly fails to meet.

Ho agrees that if a fiduciary relationship exists between the parties the usual duty of diligence to discover facts does not exist. *See United States Liability Ins. Co. v. Haidinger-*

---

[3] Even assuming the veracity of the allegation that Ho performed some real estate services for Huang in 2008, it is of course questionable whether an oral broker's contract is enforceable under California law. See Civil Code section 1624 which applies to agreements for real estate commissions, about which the Supreme Court has said that a "a "broker's real estate commission agreement is invalid under section 1624, [subdivision] (d) unless the agreement `or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by the party's agent.' The writing must unequivocally show on its face the fact of employment of the broker seeking to recover a real estate commission." *Phillippe v. Shapell* (1987) 43 Cal.3d 1247, 1258. The primary purpose of the writing requirement is to protect property owners against compensation claims from individuals who were never authorized to act as the owner's intermediary in a real estate transaction. *Rader Co. v. Stone* (1986) 178 Cal.App.3d 10, 21. The writing requirement also protects real estate brokers and agents who have been properly employed and perform services for their principals in good faith. *Selk v. Foulks* (1972) 25 Cal.App.3d 556, 575.

[4] Paragraph 19 of the Complaint defines the so-called LAMC Group as the Debtor, Kirk, Gao, Lavendera and LAMC who it is alleged conspired with and/or aided and abetted one another in the claims asserted by the Plaintiffs in this Adversary Proceeding. Again, Paragraph 19 fails to in any way state the "who, what, and when" required by Rule 7009. Thus this Court is left to "guess" as to when the alleged conspiracy was created, was it before or after the alleged oral agreement between Ho and the Plaintiffs set forth later in the Complaint, etc.

5

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

*Hayes, Inc.*, 1 Cal.3d 586 (1970); *Hobart v. Hobart Estate Co.*, 26 Cal.2d 412, 438 (1945). However, the burden is on the Plaintiffs to provide credible assertions of facts to establish the existence of a fiduciary relationship between Ho and each of the Plaintiffs. At best the Complaint asserts that Ho spoke with Huang and may have represented Huang in real estate deals in 2008. The Complaint then recites a sorted series of investment relationships between the Plaintiffs and Liberty, Benny Kirk, and Lucy Goa resulting in investments with Liberty (not Ho). Ho is not a party to most of the Contracts attached to the Complaint as Exhibits. A grand conspiracy is alleged without any detail as requires by Rule 7009 and controlling case law. The Complaint fails this simple test.

The Plaintiffs cannot take comfort from *Hobart v. Hobart Estate Company* (1945) 26 Cal.2d 412, 437. In *Hobart* the California Supreme Court stated that a party is on inquiry notice only when that party has knowledge of facts sufficient to make a reasonably prudent person suspicious as to a particular fact, such as that a fraud has taken place. In other words, some event needs to occur "to excite his suspicion, or to put him upon inquiry." *Hobart*, 26 Cal.2d at 437, *quoting Tarke v. Bingham* (1898) 123 Cal. 163, 166. Here, the Complaint makes clear that as to the HCL 2011 LLC, Smart Gear Development Ltd., Lee Walgreens 2013 LLC, and Faith Hope International Ltd contracts an event of default had occurred in 2013, these Plaintiffs must have known about the defaults, and thus there can be no delayed discovery.

Paragraph 7 of the Complaint asserts that "Plaintiffs HCL 2011 LLC, PA One LLC, and Lee Walgreens 2013 LLC are California limited liability companies, which were formed pursuant to the Debtor's advice, with Huang and The Lee Investors serving as its manager and members." A review of the Exhibits to the Complaint shows that Ho's name does not appear as a party in Exhibits "1," "2," "3," "4," "5," "6," and "8." So absent vague allegations of a conspiracy among the so-called LAMC Group, there are no facts showing Ho's contact with the Plaintiffs' dealing with Liberty.

Despite the Plaintiff's protestations, the law is still clear in the 9th Circuit that to succeed on a § 523(a)(4) claim, a plaintiff must meet the test spelled out in *Tradex Global*

6

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

*Master Fund SPC, Ltd. v. Pui-Yun Chui (In re Pui-Yun Chui)*, 538 B.R. 793, 804 (Bankr. N.D. Cal. 2015); *Lovell v. Stanifer (In re Stanifer)*, 236 B.R. 709, 714 (9th Cir. BAP 1999). The Opposition fails to even address the *Tradex/Lovell* line of cases. Hence, there is no doubt that the Complaint fails this test.

The parties agree that in the Ninth Circuit acting as a real estate broker will give rise to a fiduciary duty under California law for purposes of § 523(a)(4). *Ziswasser v. Cole & Cowan, Inc.*, 164 Cal.App.3d 417 (1985). As indicated by the allegations of the Complaint there is no direct evidence that Ho was acting as a real estate broker for each of the Plaintiffs at the time that they made their investments with Liberty and if Ho was acting as a broker that a required written contract exists with any of the Plaintiffs. In addition, there is no allegation of a written broker's agreement being in place between Ho and any of the Plaintiffs.

D. <u>The Apparently Complex Relationships Between Huang and the Plaintiffs Remains a Mystery And The Opposition Sheds Little New Light Of The Issue</u>.

The Opposition confirms what Ho argued as part of her Motion that regarding the relationship of Huang to Plaintiffs claims to several of the subject properties:

> Two motions were filed in the State Court Action on this issue: (1) a motion for summary judgment filed by defendants Benny Kirk and Vanessa Van Holland, and (2) a motion for judgment on the pleadings filed by defendant Ho (collectively "State Court Motions"). Both motions challenge the standing of Huang and Anson Well as the real party in interest in filing the State Court Action. <u>The Judge granted both motions on the ground that neither Huang nor Anson Well was the real party in interest</u>.

(Opposition at 15:13-18, emphasis added.) It must also be noted that Ho has not been served with copies of the subsequently filed state court law suits filed in the Pomona Superior Court which seek to correct the pleading errors identified by Ho in the Motion for Judgment on the Pleading granted by the Pomona Superior Court.[5] (Motion, ¶ II, p. 2-6.)

---

[5] According to the Opposition, the Plaintiffs filed a second Superior Court Case in Pomona (Case No. KC070266), which was filed on May 7, 2018. This action is stayed following Ho's filing of the above-captioned bankruptcy. And a third Superior Court Action (Case No. KC070327) which was filed on May 29,
[Footnote continued on next page]

7

Thus, whatever corrective measures undertaken by the Plaintiffs in the Pomona Superior Court have no bearing on Ho.

E.  Conclusion.

For the reasons stated in the Ho Motion to Dismiss and above, the Plaintiffs' Complaint under 11 U.S.C. § 523(a)(2), and (a)(4) should be dismissed for failure to state a claim upon which relief may be granted with prejudice, and without leave to amend. It is clearly based on the allegations of the Complaint that all of the Plaintiffs' 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6) claims are barred by the statutes of limitation. The Plaintiffs' Complaint remains vague and ambiguous as to certain issues of "who, what, and when" as required by controlling case law and Rule 7009. The Complaint cannot be saved by reference to third-party documents from other jurisdictions where there has been no final determination as to Ho. Thus, dismissal with prejudice is mandated.

DATED:  October 18, 2018

Respectfully submitted,

HINDS & SHANKMAN, LLC
JAMES ANDREW HINDS, JR.
RACHEL M. SPOSATO

By:  /s/  James Andrew Hinds, Jr.
      JAMES ANDREW HINDS, JR.
Attorneys for Defendant, Shelby Ho

---

[Footnote continued from previous page]
2018.  This action too is stayed following Ho's filing of the above-captioned bankruptcy.  (Opposition at p. 10:4-9.)

8

# Certificate of Service

I am employed in Torrance, California. I am over the age of 18 and not a party to this action; my business address is 21257 Hawthorne Blvd., Second Floor, Torrance, CA 90503.

I hereby certify that on October 18, 2018, I served **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS** on the following parties or counsel of record:

## SEE ATTACHED SERVICE LIST

X    BY CM/ECF: On October 18, 2018, I checked the CM/ECF docket for the Bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the e-mail addresses stated on the attached service list.

X    By Placing the ___ original X an accurate copy in sealed envelope(s) to the notification address(es) of record and sending by:

___    U.S. Mail: I arranged for the envelope(s) to be delivered by first-class mail. I am readily familiar with the firm's practice of collection and processing of First Class Mail. It is deposited with the Postal Service on the same day with postage thereon fully prepaid at Torrance, California in the ordinary course of business and deposited in a mailbox or other like facility regularly maintained by the United States Postal Service.

X    Overnight Delivery: I arranged for the envelope(s) to be delivered by overnight delivery by close of business of the next business day. I am readily familiar with the firm's practice of collection and processing parcels for overnight carrier. They are deposited with the overnight carrier or at a location authorized to receive parcels on behalf of the overnight carrier on the same day, fully prepaid at Torrance, California in the ordinary course of business.

I declare under penalty of perjury and the laws of the State of California that the above is true and correct.

Executed on this 18th day of September 2018, in Torrance, California

        /s/ Mayra Duran
        MAYRA DURAN

**Service List**

**BY CM/ECF:**

- James Andrew Hinds    jhinds@jhindslaw.com
- Paul Shankman    pshankman@jhindslaw.com
- Rachel Sposato    rsposato@jhindslaw.com, rachel.sposato@gmail.com
- James S. Yan    jsyan@msn.com

**Overnight Delivery:**

Honorable Dennis Montali
United States Bankruptcy Court – Northern District
450 Golden Gate Ave, 16th Floor
San Francisco, CA 94102.